# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **Ronald Watkins,** | )<br>) |
| Plaintiff, | )<br>) Case No. 3:13-cv-00391 |
| v. | )<br>) Judge Campbell |
| **Schneider Electric USA, Inc.,** | )<br>) Magistrate Judge Brown |
| Defendant. | )<br>) |

## STIPULATED PROTECTIVE ORDER

Plaintiff Ronald Watkins and Defendant Schneider Electric USA, Inc., (collectively referred to as "the Parties"), by their respective attorneys, pursuant to Fed. R. Civ. P. 26(c), hereby agree as follows:

1. The Parties anticipate that discovery in this case will call for the Parties to produce and/or disclose "Confidential Information," as that term is defined below. The Parties are willing to produce/disclose Confidential Information during the course of discovery provided that: (a) such Confidential Information is relevant and otherwise non-objectionable; and (b) the Party to whom such Confidential Information is produced or disclosed will be bound by the provisions of this Stipulated Protective Order.

2. For the purposes of this Stipulated Protective Order, "Confidential Information" shall include the following types of information and documents, provided that such information/documents are designated as "Confidential" as specified in paragraphs 3 and 4 below:

(a) Any document produced, any statement made (whether oral or written), and/or any answer given (whether oral or written) by Defendant (including any current or former employee, agent, and/or representative of Defendant and/or any of Defendant's affiliates) during the course of discovery that contains, discloses, or reveals: (i) "protected health information" as defined by the privacy regulations of the Health Insurance Portability and Accountability Act of 1996, as amended, 45 C.F.R. 160, *et seq*. ("HIPAA Privacy Rule"); (ii) private and/or sensitive information concerning past and present employees and/or other non-parties to this action (including, but not limited to, payroll information, performance and/or discipline records, social security numbers, dates of birth, financial information, and health or medical information); and/or (iii) confidential or proprietary business information.

(b) Any document produced, any statement made (whether oral or written), or any answer given (whether oral or written) by Plaintiff during the course of discovery that contains, discloses, or reveals: (i) information concerning Plaintiff's past or present medical condition(s), medical treatment(s), psychological condition(s), or psychological treatment(s); (ii) confidential medical information (including records and information concerning any past or present medical condition(s), medical treatment(s), psychological condition(s), or psychological treatment(s)) pertaining to any current or former spouse of Plaintiff and/or pertaining to the children of Plaintiff; and (iii) confidential information relating to Plaintiff's finances and/or income; and

(c) Any other type of information that is maintained by the producing Party on a confidential basis, provided that the producing Party has a legitimate interest in maintaining the confidentiality/privacy of said information.

3. If a Party contends that a document to be produced or an interrogatory answer to be provided constitutes or contains Confidential Information, that Party shall mark each such document or interrogatory answer as "Confidential" prior to production or disclosure. However, in the event the producing Party elects to make documents available for inspection (as opposed to simply producing the documents), no marking need be made by the producing Party in advance of the initial inspection. After the inspecting Party has selected documents for copying or reproducing, the producing Party may designate as "Confidential" those documents that the producing Party believes to contain Confidential Information prior to producing copies of the selected documents.

4. Should a Party believe that any deposition question calls for the disclosure of Confidential Information or that any deposition answer did, in fact, disclose Confidential Information, that party may direct the court reporter to mark the applicable portions of the transcript as "Confidential." Further, if a document that has been marked "Confidential" is introduced as a deposition exhibit, the testimony concerning that exhibit shall be designated as "Confidential" and said exhibit shall retain its "Confidential" designation and shall continue to be treated as "Confidential" pursuant to this Stipulated Protective Order.

5. Should any Party object to the "Confidential" designation of any document, interrogatory answer, deposition exhibit, or deposition testimony, that Party shall have the right, after making a good faith attempt to resolve the dispute with the opposing Party, to move the Court for a determination concerning the confidential nature of the document or information at issue. The moving Party will treat all materials or information designated as "Confidential" in accordance with the requirements of this Order during the pendency of any such motion.

6. Confidential Information that is designated as "Confidential" pursuant to the terms of this Order may be used only in connection with the above-captioned case, and may be disclosed only to the following persons:

    (a) The attorneys of record in this proceeding, associated attorneys who are employed by the law firms of record in this proceeding, and legal assistants, paralegals and other support staff who are employed by the law firms of records in this proceeding;

    (b) The Parties to this action, which, for the purpose of this Stipulated Protective Order, and any and all agents and salaried employees of Defendant, including any of Defendant's affiliates;

    (c) The United States District Court for the Middle District of Tennessee, and any court of competent appellate jurisdiction, as well as Court personnel, including stenographic reporters regularly employed by the Court;

    (d) Any court reporter or other stenographic reporter who is called upon to record or transcribe testimony in this case, as well as any video service providers who are retained in connection with any deposition;

    (e) Deposition witnesses during the course of a deposition (subject to the provisions contained in paragraph 4 above);

    (f) Any witness during the course of his or her testimony at the final trial or at any evidentiary hearing in this case;

    (g) Any mediator who is engaged to assist the Parties in settlement negotiations on a confidential basis;

(h) Non-party witnesses and/or prospective witnesses outside of the context of the final trial (or other evidentiary hearing) and outside of the context of a deposition, provided that any such witness/prospective witness who is not a Party to this case must agree to be bound by this Stipulated Protective Order by signing the "Statement of Affirmation" that is attached hereto as Exhibit A.

(i) Any person who is called upon to assist counsel in counsel's understanding of relevant facts or to assist counsel in the preparation of his/her client's case, provided that any such person who is not a Party to this case must agree to be bound by this Stipulated Protective Order by signing the "Statement of Affirmation" that is attached hereto as Exhibit A.

(j) Persons requested by counsel to furnish technical or other expert services and any employees of such persons (collectively "Experts"), provided that any such Expert agrees to be bound by this Stipulated Protective Order by signing the "Statement of Affirmation" that is attached hereto as Exhibit A.

(k) Such other persons as hereafter may be designated by written stipulation of the Parties or by further Order of the Court on motion of any Party.

7. The Parties (including their counsel) shall not give, show, disclose, make available, or communicate Confidential Information to any person, firm, corporation, or other entity not expressly authorized by this Stipulated Protective Order to receive such Confidential Information. The Parties (including their counsel) shall not use Confidential Information outside

of the context of this case or for any purpose other than this case. However, nothing contained in this Order shall be construed as restricting or limiting any Party with respect to that Party's own Confidential Information.

8. Any "Confidential Documents" (as defined herein) that are filed with the Court shall be under seal, shall be clearly marked as "Confidential," and shall be specifically designated as subject to the terms of this Stipulated Protective Order. Any such documents shall then be placed in separate, secure storage by the clerk, and opened only by authorized court personnel. Confidential Documents filed under seal shall not be disseminated to the general public in any manner, including by use in any briefs, motions, or otherwise that may be open to the general public's inspection. For the purpose of this paragraph, "Confidential Document" shall mean: (a) Confidential Information that was produced/disclosed to the filing party during the course of discovery and that was designated by the producing/disclosing party as "Confidential;" (b) portions of deposition transcripts (including deposition exhibits) that contain or reveal Confidential Information and that were properly designated as "Confidential;" and (c) portions of briefs, memoranda, or any other writings that contain, describe, or otherwise reveal "Confidential Information" that was produced/disclosed to the filing party during the course of discovery and that was designated by the producing/disclosing party as "Confidential."

9. The procedures set forth herein shall not affect the rights of the Parties to object to discovery on other grounds, nor shall it relieve a Party of the necessity of making a proper response and/or objection to discovery requests, nor shall it preclude either party from seeking further relief or protective orders from the Court as may be appropriate.

10. The Parties recognize and understand that, notwithstanding the provisions of this Order, the HIPAA Privacy Rule requires Defendant to "make a reasonable effort" to limit the

disclosure and use of "protected health information" to "the minimum necessary to accomplish the intended purpose of the use, disclosure, or request." *See* 45 C.F.R. § 164.502(b)(1). Therefore, in lieu of (or in addition to) producing or disclosing "protected health information" as "Confidential Information" under the terms of this Order, Defendant may, where appropriate: (a) redact or omit information that identifies the person (or persons) to whom the health information relates (*See* 45 C.F.R. § 164.514); and (b) produce or disclose only the de-identified health information. However, this alternative method of production/disclosure shall be appropriate only where the de-identification of the health information does not materially lessen the relevance or probative value of the document/information at issue.

11. In the event that "protected health information" that is subject to this Order is disclosed (inadvertently or otherwise) by the Party to whom it was produced or provided, counsel for that Party shall immediately notify and advise counsel for the Producing Party about the compromise of the confidentiality of the protected health information.

12. Within thirty (30) days after the final termination of this litigation (including any appellate proceedings that may ensue), all documents, transcripts or other materials afforded "Confidential" treatment pursuant to this Order (including any copies thereof and any extracts, summaries or compilations taken therefrom) shall be returned to and/or recovered by counsel for the Party to whom the Confidential Information was produced and/or provided, and counsel for each Party shall destroy all such Confidential Information or retain it in a manner that is reasonably calculated to preserve and protect its confidentiality. The provisions of this Protective Order shall survive, and not terminate at, the conclusion of this action.

13. The inadvertent or unintentional disclosure of any Confidential Information by any Party shall not be construed to be a waiver, in whole or in part, of the party's claims of

confidentiality either as to the specific Confidential Information disclosed or as to any other related information.

14. The provisions of this Order will not affect the use or admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

**SO ORDERED,** this the 21st day of November, 2013.

/S/ Joe B. Brown
MAGISTRATE JUDGE BROWN

**APPROVED FOR ENTRY:**

/s/ Rodrick D. Holmes
C. Eric Stevens, Bar No. 010632
Rodrick D. Holmes, Bar No. 024501
LITTLER MENDELSON, P.C.
333 Commerce Street
Suite 1450
Nashville, TN 37201
estevens@littler.com
rholmes@littler.com

Attorneys for Defendant
Schneider Electric USA, Inc.


/s/ Jonathan L. Bobbitt (with permission)
Justin S. Gilbert
Jonathan L. Bobbitt
Gilbert Russell McWherter PLC
5409 Maryland Way
Suite 150
Brentwood, TN 37027
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com

Attorneys for Plaintiff

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **Ronald Watkins,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**Schneider Electric USA, Inc.,** )<br>)<br>Defendant. )<br>) | Case No. 3:13-cv-00391<br><br>Judge Campbell<br><br>Magistrate Judge Brown |

### **STATEMENT OF AFFIRMATION**

I, _____, hereby promise and agree to abide and be bound by the Parties' Stipulated Protective Order in the above-captioned case.

This _____ day of _____, 20\_\_\_\_\_.

_____
Signature